# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO PADILLA, | Case No. CV 09-8579-JEM |
| Plaintiff, | MEMORANDUM OPINION AND ORDER RE ATTORNEY'S FEES |
| v. | |
| Carolyn W. Colvin, Commissioner of Social Security, | |
| Defendant. | |

## I.  INTRODUCTION

On January 10, 2011, this Court reversed the decision of the Commissioner of Social Security denying benefits to Plaintiff Armando Padilla and remanded the case to the Commissioner for payment of benefits. Subsequently, the Commissioner determined that Padilla was entitled to past due benefits in the amount of $139,940.00.

Now before the Court is the motion of Plaintiff's counsel Judith S. Leland for attorney's fees permitted under the Social Security Act, 42 U.S.C. § 406(b). Pursuant to the parties' stipulation and the order of this Court, Plaintiff's counsel previously received $2,300.00 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), paid by the government. Section 406(b), however, permits an award of fees from the benefits received by Plaintiff. In accordance with a contingent fee agreement signed by Padilla,

counsel seeks an order awarding her $16,333.00 and requiring her to refund to Plaintiff $2,300.00, the amount of the EAJA fees previously received by counsel.

The Commissioner does not object to the § 406(b) fees sought by counsel. Also, Plaintiff was notified of counsel's request and has not objected to it.

## II.  APPLICABLE LAW

42 U.S.C. § 406(b)(1) provides as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

In Gisbrecht, the United States Supreme Court gave this guidance in determining the reasonableness of § 406(b) fees:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . . Within the 25 percent boundary, . . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

535 U.S. at 807 (footnotes omitted).

The Ninth Circuit in Crawford v. Astrue, 586 F.3d 1142 (9th Cir. 2009), applying Gisbrecht v. Barnhart, 535 U.S. 789 (2002), instructed that district courts must look to the fee agreement and test it for reasonableness by examining whether the amount needs to be reduced. Id. at 1149. District courts "may properly reduce the fee for substandard

performance, delay, or benefits that are not in proportion to the time spent on the case." Id. at 1151 citing Gisbrecht, 535 U.S. at 808. Lodestar computations are considered as an aid in assessing the reasonableness of the fee. Gisbrecht, 535 U.S. at 808.

### III. DISCUSSION

Padilla signed a standard 25% contingent fee agreement with Leland, the maximum allowed by 406(b). There is no basis for finding any fraud or overreaching in the making of the agreement.

25% of Plaintiff's awarded past benefits of $139,940.00 is $34,985.00. Leland already has been paid $18,652.00 for services to Claimant, leaving a balance of $16,333.00 claimed by Leland in this Motion.

Neither the character of the representation nor the results achieved suggest that the fee sought is unreasonable. Leland was not responsible for any delay in the case.

The Court concludes that the fee sought is reasonable for the services rendered.

### IV. DISPOSITION

Plaintiff's counsel's fee request for $ 16,333.00 is granted. Counsel shall reimburse Plaintiff $ 2,300.00, the amount previously paid by the government under EAJA.

DATED: September 25, 2014         /s/ John E. McDermott
                                   JOHN E. MCDERMOTT
                                   UNITED STATES MAGISTRATE JUDGE